UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Eric Ciarolla,<br><br>　　　　　　Plaintiff<br><br>　v.<br><br>Albertsons, LLC, and Center Pointe Plaza, LLC,<br><br>　　　　　　Defendants | Case No. 2:23-cv-00313-CDS-EJY<br><br>**Order Granting Plaintiff's Motion to Remand and Closing Case**<br><br>[ECF No. 9] |

Plaintiff Eric Ciarolla moves to remand this slip-and-fall action to Nevada's Eighth Judicial District Court based on lack of diversity of citizenship between the parties of this action due to Center Pointe Plaza's presence as a defendant. ECF No. 9. Defendant Albertsons, LLC, the removing party, opposes remand claiming that defendant Center Pointe Plaza, LLC was improperly joined to defeat diversity jurisdiction. ECF No. 13. For the reasons herein, I find that removal was improper and remand this case.

**I.　　Legal standard**

"Federal courts are courts of limited jurisdiction, possessing 'only that power authorized by Constitution and statute.'" *See* U.S. Const. art. III, § 2, cl. 1; *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). When initiating a case, "[a] plaintiff is the master of [their] complaint, and has the choice of pleading claims for relief under state or federal law (or both)." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 389–99 (1987)). Generally, plaintiffs are entitled to deference in their choice of forum. *Ayco Farms, Inc. v. Ochoa*, 862 F.3d 945, 949–50 (9th Cir. 2017).

However, Congress has enacted statutes that permit parties to remove cases originally filed in state court to federal court. *See* 28 U.S.C. § 1441. Subject to certain requirements and

limitations, a defendant generally may remove a case from state court to federal court where the case presents either diversity or federal question jurisdiction. 28 U.S.C. § 1441(a)–(c). Relevant to this motion, diversity jurisdiction requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). The defendant bears the burden of establishing federal subject matter jurisdiction. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). In order to protect the jurisdiction of state courts, the removal statute should be construed narrowly, against removal jurisdiction and in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

"[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Fraudulent joinder" is a term of art: "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (internal quotation marks and alterations omitted). There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts; or, as alleged here, (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009). Fraudulent joinder is established the second way if a defendant shows that an "individual[] joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co*, 139 F.3d 1313, 1318 (9th Cir. 1998). But "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046.

A defendant must prove fraudulent joinder by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

## II.   Discussion

This court cannot have diversity jurisdiction over this case if Center Pointe is a proper defendant because both Ciarolla and Center Pointe are citizens of Nevada. ECF No. 9 at 5; ECF No. 13 at 5. Albertsons argues that Ciarolla fraudulently joined Center Pointe to defeat diversity jurisdiction and its presence should be ignored for purposes of analyzing diversity. ECF No. 13 at 4–8. Thus, the crux of this decision is whether Center Pointe is a proper party to this action or fraudulently joined. Albertsons claims that Center Point was fraudulently joined because of Ciarolla's inability to establish a cause of action against it in state court. ECF No. 11 at 5.

### A.   Ciarolla states a viable cause of action against Center Pointe.

Ciarolla argues that Center Pointe is a proper party because he has a valid negligence claim against Center Point for breaching its duty as a property owner to keep its premises safe. ECF No. 9 at 8. I agree.

In March 2021, Ciarolla allegedly slipped and fell while shopping at Albertsons. Compl., ECF 1-1 at ¶¶ 7–8. Ciarolla claims that he "fell and injured himself as a result of food on the floor and/or hazardous flooring." *Id.* at ¶ 8. Ciarolla sued both Albertsons and Center Pointe, bringing one cause of action for negligence. *Id.* at ¶¶ 10–21.

As a property owner, Center Pointe is not liable for an injury on their property absent negligence. *See Sprague v. Lucky Stores, Inc.*, 109 Nev. 247, 849 P.2d 320, 322 (1993) (citing *Gunlock v. New Frontier Hotel Corp.*, 78 Nev. 182, 370 P.2d 682, 684 (1962)). In Nevada, negligence is shown by establishing the property owner (1) owed the plaintiff a duty of care, (2) breached that duty, (3) the breach was the legal cause of the plaintiff's injuries, and (4) the plaintiff suffered damages. *See Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 125 Nev. 818, 221 P.3d 1276, 1280 (2009).

Albertsons argues that there is there is "no reasonable possibility" that Ciarolla can prevail against Center Pointe. ECF No. 13 at 5. It first argues that pursuant to defendants' lease

agreement,[1] Albertsons is "entirely responsible for maintaining the inside of the store" and thus Center Pointe has no obligation to do so or duty. *Id.* at 6. In the alternative, Albertsons argues that irrespective of the lease agreement, Center Pointe has no obligation, duty, or ability to clean the inside of Albertsons because its obligations are limited to the common areas of the shopping center, not the inside of the store. ECF No. 13 at 6–7. Albertsons further argues that Ciarolla's allegations against defendants are limited to failure to maintain, inspect use, warn, secure, and creating a dangerous condition, none of which implicate Center Pointe as a landlord. *Id.* at 7.

However, Albertsons fails to address Ciarolla's hazardous flooring claim. And as Ciarolla states, "nothing in the lease indicates who installed the flooring at issue" (ECF No. 15 at 4), and the complaint leaves open the possibility that Ciarolla's fall was the result of a flooring defect. "[W]here there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses." *Rundle v. Depuy Orthopaedics, Inc.*, 2011 U.S. Dist. LEXIS 80514, 22 (D. Nev. July 6, 2011) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851–52 (3rd Cir. 1992)). "Any possibility of recovery, even if slim, militates against a finding of fraudulent joinder; only where there is 'no possibility' of recovery is such a finding warranted." *Ehrenreich v. Black*, 994 F. Supp. 2d 284, 289 (E.D.N.Y. 2014) (quoting *Nemazee v. Premier, Inc.*, 232 F. Supp. 2d 172, 178 (S.D.N.Y. 2002)).

While Ciarolla may ultimately not prevail against Center Pointe in state court, the court cannot say that Albertsons has established by clear and convincing evidence that there is no possibility that Ciarolla will not prevail against Center Pointe regarding his hazardous flooring claim. *See Milligan v. Wal-Mart Stores, Inc.*, 2014 U.S. Dist. LEXIS 175728, 2014 WL 7240162, at *3 (D. Nev. Dec. 18, 2014) ("In assessing whether a defendant was fraudulently joined, the court need not look extensively at the merits of the claims."). As such, Albertsons has not met its burden to

---

[1] In relevant part, the lease agreement states that Albertsons, as the tenant, is responsible for maintaining and repairing the premises in good operating condition. Lease Agreement, Def.'s Ex. C, ECF No. 13-3 at ¶ 14.2

4

show that Center Pointe was fraudulently joined. *See Nemazee*, 232 F. Supp. 2d at 178 (citation omitted) ("Any possibility of recovery, even if slim, militates against a finding of fraudulent joinder; only where there is 'no possibility' of recovery is such a finding warranted.")

Therefore, I find Center Pointe was not fraudulently joined, that there is not complete diversity between the parties, so I lack jurisdiction over this action. For those reasons, I grant Ciarolla's motion to remand.

### III.   Attorneys' Fees

Ciarolla requests attorneys' fees under 28 U.S.C.A. § 1447(c). ECF No. 9 at 9. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Albertsons opposes attorneys' fees and claims it had a reasonable basis for removal. ECF No. 13 at 9. Ciarolla's motion failed to discuss the reasonableness of Albertsons' arguments, only stating that Albertsons failed to address the hazardous flooring allegations. ECF No. 15 at 6.

Here, while Albertsons failed to meet its burden to show fraudulent joinder, the court does not find that removal was objectively unreasonable. The court's decision to remand was based in Albertsons' heavy burden to demonstrate fraudulent joinder at this stage rather than a reflection on the reasonableness of Albertsons' decision to seek removal. Accordingly, the court denies Ciarolla's request for attorneys' fees.

### IV.   Conclusion

IT IS THEREFORE ORDERED that plaintiff's motion to remand **[ECF No. 9]** is **GRANTED**. The Clerk of Court is kindly directed to remand this case to the Eighth Judicial District Court, Case No. A-22-859398-C, Department 19, and to close this case.

DATED: December 12, 2023

_____
Cristina D. Silva
United States District Judge

5